# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | **MISCELLANEOUS CASE** |
| **SEIZURE OF THREE MILLION FIVE HUDRED NINETY NINE THOUSAND SIX HUNDRED EIGHTY ONE DOLLARS IN UNITED STATES CURRENCY ($3,599,681.00).** | : : : | No. 21-MC-_____ |

## ORDER GRANTING EXTENSION OF TIME

AND NOW, this _____ day of _____, 2021, upon consideration of the government's motion pursuant to 18 U.S.C. § 983(a)(3) to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, and, for the reasons set forth in the motion, the Court finds that, for good cause shown, the motion is GRANTED. The time period within which the government must obtain an indictment or file a complaint in this matter is extended to January 12, 2022.

_____

J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | **MISCELLANEOUS CASE** |
| | : | |
| **SEIZURE OF THREE MILLION FIVE HUDRED NINETY NINE THOUSAND SIX HUNDRED EIGHTY ONE DOLLARS IN UNITED STATES CURRENCY ($3,599,681.00).** | : : : : | **No. 21-MC-_____** |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE CIVIL FORFEITURE COMPLAINT**

Pursuant to 18 U.S.C. § 983(a)(3), the United States of America, by its attorneys, respectfully moves for entry of an order to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property. In support of this motion, the government avers as follows:

1. On April 24, 2021, Philadelphia Police Department ("PPD") officers responded to a burglary in progress call at 2714 Springhouse Road, Philadelphia, Pennsylvania ("Subject Property"). Upon entering the property, officers observed in plain view a safe that appeared to be broken into and a large amount of United States currency visible from inside the safe.

2. A short while later, PPD officers obtained a state issued warrant to search the Subject Property. PPD officers and Drug Enforcement Administration Task Force Officers seized approximately $3,599,681.00 ("Seized Currency") in United States

Currency that was located inside the safe. The DEA thereafter took possession of the Seized Currency for further investigation.

3. As required by law, on or about June 22, 2021, the DEA provided direct, written notice to Edgardo Javier Ortiz-Aponte of its intent to administratively forfeit the Seized Currency by delivering to him at his last known address, that is, 2714 Springhouse Road, Philadelphia, Pennsylvania 19114, a copy of the notice of seizure and advising of his right to file a claim in this matter.

4. As required by law, on or about June 22, 2021, the DEA also provided direct, written notice to Maricelis Sanchez of its intent to administratively forfeit the Seized Currency by delivering to her at her last known address, that is, 2714 Springhouse Road, Philadelphia, Pennsylvania 19114, a copy of the notice of seizure and advising of her right to file a claim in this matter.

5. On or about July 14, 2021, Edgardo Javier Ortiz-Aponte, though counsel, filed with the DEA a claim to contest the forfeiture of the Seized Currency. To date, no other party has filed a claim with DEA to contest the forfeiture of the Seized Currency. The DEA thereafter referred this matter to the United States Attorney's Office for review for possible judicial action.

6. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause

shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B). Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

7. The government, therefore, is required to obtain an indictment listing the Seized Currency as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, on or before October 12, 2021, with respect to Ortiz-Aponte's claim.

8. By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of an additional 90 days from the filing deadline, to January 12, 2022, to obtain an indictment listing the Seized Currency as being subject to forfeiture or file a civil complaint for forfeiture in this matter.

9. The government submits that good cause exists to grant relief in this instance. The government requires additional time to complete its investigation in this matter. The government is continuing to review evidence regarding the Seized Currency. The requested extension of time will enable the government to further identify legal and factual issues involving the seizure and forfeiture of the Seized Currency and to fully consider the claim for the return of this property. Also, before taking final action, government counsel must obtain supervisory approval of any proposed forfeiture complaint or any proposed settlement.

10. The government also submits that the requested extension of 90 days is reasonable under the circumstances. This is the government's first request for extension of time in this matter. Furthermore, the government submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings, and this request will not unduly prejudice the claimant.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


*/s/  Joseph F. Minni*
JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Financial Litigation Section


*/s/  Everett Witherell*
EVERETT R. WITHERELL
Assistant United States Attorney

Date: October 7, 2021.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served on the following by electronic mail as follows:

> Dennis J. Cogan, Esquire
> DENNIS J. COGAN & ASSOCIATES
> 2000 Market Street
> Suite 1850
> Philadelphia, PA 19103

> */s/ Joseph F. Minni*
> JOSEPH F. MINNI
> Assistant United States Attorney

Date: October 7, 2021.